77 F.3d 502
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Richard R. THOMPSON and Marjorie Thompson, Plaintiffs-Appellants,
v.
Steven M. KRAMER, Esq; Kramer & Associates; James T.
Giles, Judge (individually & in his official capacity); B-K
Funding Inc.; Cletus Lyman, Esq.; Lyman & Ash; Marvin
Galfand; Galfand & Galfand; Edward Ellers, Esq.; Morton
Branzberg, Esq.; Klehr Harrison Harvey Branzberg & Ellers;
Paul J. Burgoyne, Disciplinary CSL-In-Charge; Pennsylvania
Supreme Court Disciplinary Board; Simon J. Rosen, Esq.;
Robert J. Vedatsky, Esq.; Jeffrey Nowak, Esq.; Casey &
Nowak; Judges Becker, Alito, Nygaard, Scirica, Cowen,
Greenberg, Mansmann, Roth, Sloviter, Stapleton, Hutchinson,
Lewis, and McKee, Third Circuit Judges Joined Jointly and
Separately, Individually and in Their Official Capacities, Defendants,
and
Alan S. Fellheimer, Esq., Defendant.
 No. 96-1038.
 United States Court of Appeals, Federal Circuit.
 Jan. 5, 1996.
Order Denying Reconsideration in One Appeal and Dismissing
Another Appeal May 9, 1996.
 
 ORDER
 PER CURIAM.
 
 
 1
 The court, sua sponte, considers whether this case should be dismissed or transferred to the United States Court of Appeals for the Third Circuit.
 
 
 2
 This matter stems from Richard and Marjorie Thompson's vendetta against a number of law firms, attorneys, and various judicial and governmental entities. The Thompsons have attempted to exact their revenge against these defendants through the filing of thousands of pages of legal pleadings, briefs, and motions. On August 31, 1994, the Third Circuit entered an order stating that the Thompsons' "numerous repetitive pleadings" contained "frivolous legal arguments and flagrant misstatements of fact, and that said filings are vexatious and abusive of the judicial process." Accordingly, the Third Circuit barred the Thompsons from further filing without leave of court:
 
 
 3
 Richard R. Thompson is enjoined from filing, without prior authorization of an Officer of this Court, any appeal, motion to reopen, motion to recall the mandate, motion to intervene, or petition for writ of mandamus related [sic] district court actions, including but not limited to, District Court for the Eastern District of Pennsylvania Nos. 89-cv-02679 and 90-cv-07753; or those matters litigated therein or which could have been litigated therein, or any other action involving the dispute with his former attorney Steven M. Kramer or any other former attorney.
 
 
 4
 On April 5, 1995, the Thompsons filed a RICO action, naming Kramer as one of several defendants, in the United States District Court for the Eastern District of Pennsylvania. Judge Bartle dismissed the case based on the Third Circuit's August 31, 1994 order, and the Thompsons promptly moved to join Judge Bartle as a defendant in the action.[1] Finally, after the Thompsons' motions resulted in the elimination of all of the judges in the district court, the Third Circuit assigned Judge Cindrich of the United States District Court for the Western District of Pennsylvania to hear the Thompsons' case.
 
 
 5
 Judge Cindrich determined that the Third Circuit's August 31, 1994 order applied to actions in the district court as well as the Third Circuit because the Thompsons had "abused the judicial process, not just litigation in the court of appeals."
 
 
 6
 [L]imiting Thompson's ability to file papers only in the court of appeals would leave him unconstrained to continue to vex the district court, the beachhead for his incursions into the court of appeals.
 
 
 7
 Judge Cindrich dismissed the case for lack of jurisdiction on September 7, 1995 and authorized the clerk to refuse to accept additional filings from the Thompsons.[2] The Thompsons directed their notice of appeal to this court.
 
 
 8
 This court's jurisdiction is set forth in 28 U.S.C. § 1295. Because this "RICO case" does not fall within the category of cases reviewable by this court, this court is without jurisdiction to hear the Thompsons' appeal. Section 1631 of 28 U.S.C. provides that whenever an appellate court finds there is a want of jurisdiction, it may transfer an appeal to a court in which the action should have been brought if it is in the interest of justice. The Thompsons' appeal lies in the Third Circuit, although the Third Circuit has enjoined the Thompsons from further filing without leave of that court. We must decide whether to dismiss the Thompsons' appeal for lack of jurisdiction or to transfer to the Third Circuit.
 
 
 9
 While the easy choice is to dismiss, such a choice would preclude the Third Circuit from deciding for itself whether to bar the Thompsons' appeal or to review the district court's holding that the appellate bar extends to the district court also. Accordingly, we deem the better course is to transfer the case and allow the Third Circuit to decide whether it will accept the Thompsons' appeal.
 
 
 10
 We note that this appeal is the second appeal filed by the Thompsons in this court in less than three months. If the Thompsons file another appeal or other document with this court and, upon review, it is determined that the matter is frivolous, the court will consider the imposition of monetary sanctions.
 
 
 11
 Accordingly,
 
 IT IS ORDERED THAT:
 
 12
 (1) The Thompsons' appeal is transferred to the Third Circuit.
 
 
 13
 (2) If the Thompsons file another appeal or other document with this court and, upon review, it is determined that the matter is frivolous, the court will consider the imposition of monetary sanctions.
 
 ORDER
 May 9, 1996
 
 14
 PER CURIAM.
 
 
 15
 Richard R. and Marjorie Thompson move for reconsideration of this court's January 5, 1996 order in appeal no. 96-1038 transferring their case to the United States Court of Appeals for the Third Circuit. Integra Financial Corporation moves to dismiss the Common Law Network's appeal in appeal no. 96-1191 for lack of jurisdiction. The Common Law Network opposes. Finally, Richard R. Thompson submits various documents in an undocketed case captioned United States v. Tinari.
 
 
 16
 We first address the Thompsons' motion for reconsideration in appeal no. 96-1038. In their lengthy, largedly unintelligible submission, the Thompsons argue that this court should review their case because the Third Circuit has enjoined the Thompsons from further filing without leave of that court and the Thompsons cannot obtain a 'fair hearing' in that jurisdiction. The Thompsons accuse the Third Circuit judges of libel, conspiracy, and "judicial racketeering" and state that the Third Circuit is "the de facto principal defendant" in the present case. The Thompsons then compound their defamatory language with an admonition entitled "Potential Liability of this Good Court":
 
 
 17
 Although petitioners do not at this time add this court [the Federal Circuit] to the legal racket and extortion of which they complain and from which they seek relief, they reserve the right to do so in the future should circumstances develop that make it unavoidable.
 
 
 18
 We instructed the Thompsons in our January 5, 1996 order that if they filed another appeal or other document with this court and, upon review, it was determined that the matter was frivolous, the court would consider the imposition of sanctions. Nevertheless, the Thompsons submit a motion for reconsideration that is wholly without merit and is threatening in nature. We conclude that the Thompsons' motion is both frivolous and an abuse of the judicial process. Thus, the motion for resconsideration is denied.
 
 
 19
 We now turn to Integra's motion to dismiss. Integra states, inter alia, that the subject matter of appeal no. 96-1191 does not fall within this court's jurisdiction. This court's jurisdiction is set forth in 28 U.S.C. § 1295. Because this case concerning the Securities Exchange Act does not fall within the category of cases reviewable by this court, this court is indeed without jurisdiction to hear the Common Law Network's appeal.
 
 
 20
 This matter does not end, however, simply with the dismissal of the Common Law Network's appeal. It appears that, once again, Richard Thompson, the alter ego of the Common Law Network, has directed a notice of appeal to this court in order to circumvent the Third Circuit's August 31, 1994 order that enjoins Thompson from further filing without leave of that court. This appeal is the third appeal filed by Thompson in this court in approximately six months. Again, this appeal is both frivolous and an abuse of the judicial process.
 
 
 21
 Finally, we consider Thompson's most recent submission in an undocketed case captioned United States v. Tinari. We are unable to decipher the relief sought in this document. It is obvious, however, that this case is not before this court and that it does not fall within this court's jurisdiction.
 
 
 22
 Thompson has blatantly ignored this court's direct admonition to cease his vexatious and frivolous filings. We conclude that we, like the Third Circuit, has no alternative but to enjoin Richard R. Thompson, Marjorie Thompson, and the Common Law Network from filing in this court any appeal, motion to reopen, motion for reconsideration, motion to intervene, petition for writ of mandamus, or other document without prior authorization of an officer of this court.
 
 
 23
 Accordingly,
 
 IT IS ORDERED THAT:
 
 24
 (1) The Thompsons' motion for reconsideration in appeal no. 96-1038 is denied.
 
 
 25
 (2) Integra's motion to dismiss appeal no. 96-1191 is granted.
 
 
 26
 (3) Richard R. Thompson, Marjorie Thompson, and the Common Law Network are enjoined from filing in this court any appeal, motion to reopen, motion for reconsideration, motion to intervene, petition for writ of mandamus, or other document without prior authorization of an officer of this court.
 
 
 
 [1]
 Although the record is unclear, it appears that the May 10, 1995 dismissal order was vacated
 
 
 [2]
 By the time the second dismissal order was entered, the Thompsons had attempted to name Judge Cindrich and his law clerk as additional defendants in the action